# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXANDER JIGGETTS | * | |
| Petitioner | * | Civil Action No. JFM-10-2831 |
| | * | Consolidated Cases: JFM-10-2832 and JFM-10-3010 |
| v | * | |
| STATE OF MARYLAND | | |
| Respondent | * | |

***

## MEMORANDUM

Pending in the above-captioned consolidated cases are respondent's answer as well as several motions filed by petitioner requesting summary judgment and expedited relief. ECF No. 9, 11, 13, and 14. Petitioner has also filed a reply to the answer. ECF No. 16 and 17. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010).

## Background

Petitioner challenges a condition of his probation supervision requiring him to check into a kiosk machine every week, the machine reads his fingerprints and alerts his probation officer if the answers to any of the questions he is asked are detectably untrue. ECF No. 1. Petitioner claims that requiring him to be fingerprinted every week is an unreasonable search and seizure in violation of his Fifth Amendment rights. In addition he claims the kiosk requirement is cruel and unusual punishment because the process reminds him of being arrested and causes him psychological distress. *Id*. The kiosk check-in is a part of Maryland's Violence Prevention Initiative. *Id*.

Petitioner was sentenced to serve 10 years, all but five years suspended with five years of probation, on January 8, 2006. ECF No. 1. Petitioner states his sentence began on August 19, 2010; the court presumes he is referring to the five year probationary term. The requirement that petitioner check in at the kiosk on a weekly basis was imposed on October 21, 2010. *Id*. Many of petitioner's allegations regarding the Violence Prevention Initiative and his efforts to challenge the condition in state court are premised on his fears that he is being watched constantly. He claims there is a conspiracy against his efforts to challenge the Initiative to protect the governor. ECF No. 11 and 17.

Respondent asserts the petition is time-barred and contains claims that are unexhausted. ECF No. 14. Respondent states petitioner pled guilty to first-degree burglary on February 8, 2006, in the Circuit Court for Baltimore County, Maryland. *Id*. at Ex. 1, p. 3 and 6. Petitioner did not file an application for leave to appeal following the entry of his guilty plea; therefore, respondent states his conviction became final on March 10, 2006, when the time for filing an application expired. On April 27, 2007, petitioner filed a petition for writ of habeas corpus in this court which was dismissed as unexhausted on June 19, 2007. *See Jiggetts v. O'Neill*, Civil Action No. JFM-07-1128 (D. Md. 2007). At the time the 2007 petition was filed, petitioner was incarcerated at Eastern Correctional Institution. Petitioner has been released from incarceration and is serving his term of probation.[1]

On October 5, 2010, petitioner filed for post-conviction relief in the Circuit Court for Baltimore County. ECF No. 14 at Ex. 1. A response was filed on December 1, 2010, but

---

[1] Because he is on supervised probation, petitioner is "in custody" for purposes of habeas corpus review. *See Jones v. Cunningham*, 371 U.S. 236 (1963) (parole satisfies custody requirement); *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (physical custody not required for habeas review); *U.S. v. Pregent*, 190 F. 3d 279, 283 (4th Cir. 1999) (supervised release satisfies custody requirement for motion to vacate)

petitioner withdrew the post-conviction petition on January 22, 2011. Respondent does not supply copies of these documents with the answer.

**Standard of Review**

<u>Statute of Limitations</u>

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This one-year period is, however, tolled while properly filed post-conviction proceedings are pending. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir.2000). "[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where

– due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) *citing Harris* 209 F. 3d at 330. To be entitled to equitable tolling, petitioner in the instant case must establish that either some wrongful conduct by respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000).

Exhaustion of State Remedies

Under *Rose v. Lundy*, 455 U.S. 509 (1982), before a petitioner may seek habeas relief in federal court, he must have exhausted each claim presented to the federal court by pursuing remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by proceeding with certain claims on direct appeal (and thereafter seeking *certiorari* to the Court of Appeals), and with other claims by way of a post-conviction petition, followed by seeking leave to appeal in the Court of Special Appeals. Respondent contends that petitioner has not exhausted the claims raised in the instant petition and, for that reason, the petition should be dismissed.

**Analysis**

Timeliness

Respondent asserts the instant petition is time-barred because it was not filed on or before March 9, 2007, one year from the date petitioner's conviction became final. ECF No. 14. Respondent further states that there were no post-conviction petitions filed to toll the limitations period. *Id*. The claim asserted by petitioner, however, did not come to fruition until October 21, 2010, when his probation officer began requiring him to report on a weekly basis to a kiosk.

ECF No. 1. Thus, the court finds the instant petition falls squarely within the purview of 2244(1)(D) which provides that a petition may be filed within one year of the date the factual predicate of the claim could have reasonably been discovered. In this instance, petitioner has complied with the time constraints.

## Exhaustion

Respondent states petitioner has not properly exhausted his claim. Petitioner claims he should not be required to do so because he cannot get a fair hearing in state court. Petitioner is seeking a declaration from this court that the Violence Prevention Initiative and the additional requirements placed on his probation supervision are unconstitutional without first giving the state courts an opportunity to rule on the claim. This court is not permitted to issue such a ruling. There is no exception to the exhaustion requirement to accommodate petitioner's fears that his claim will not be fairly considered. To the extent he is aggrieved by the state courts' analysis of his claim, he has appellate review available. Accordingly, without considering the merits of the claims asserted, the petition must be dismissed without prejudice for failure to exhaust state remedies. Additionally, petitioner's motions to award habeas corpus and for summary judgment will be denied.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001)

(quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Thus, a certificate of appealability shall be denied in the instant case.

A separate order follows.

__April 4, 2011_____      ____/s/_____
Date     J. Frederick Motz
    United States District Judge